The undersigned have reviewed the prior opinion based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over this case, and the parties are properly before the Industrial Commission.
2. At all times pertinent hereto, there was an employer-employee relationship between the plaintiff and the defendant-employer.
3. Reliance Insurance Company is the insurance carrier on the risk.
4. Plaintiff's average weekly wage is as set forth on the Form 22 Wage Chart.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was sixty-five (65) years old. Plaintiff had worked for the defendant-employer for fifteen (15) years prior to September, 1992. During that time, plaintiff worked in maintenance at defendant-employer's facility.
2. On September 3, 1992, plaintiff was working in the cooler room with Ray Inman and Clyde Boring. Plaintiff was removing racks in the cooler room when he slipped and fell. As he fell, plaintiff caught himself with his right arm. Plaintiff also injured his rib cage as he scraped against the edge of a shelf. This incident occurred during the second week of Mr. Inman's work with American Circuit Breaker. There is no dispute but that Mr. Inman was hired on August 24, 1992.
3. Plaintiff reported this incident to his supervisor, Linda Potts. Ms. Potts recalled that plaintiff reported that he fell in the cooler room on September 3, 1992.
4. In a recorded statement with Reliance Insurance Company in early October, 1992, plaintiff indicated that the date of his fall at work was September 3, 1992.
5. After September 3, 1992, plaintiff continued to work for defendant-employer and performed his normal job. He did not ask for any light duty work, nor did he require assistance in performing his job duties. On September 10, 1992, seven (7) days after his fall, plaintiff was able to hunt with a bow, and in fact, killed a deer on that date.
6. During the last week of September, plaintiff told several co-workers about a fall he had experienced at his home the previous weekend when he had tripped in some potato vines while picking sweet potatoes. He also told co-workers that he injured his shoulder when he fell and that his wife helped him with his shoulder at the time he fell. When plaintiff first went to see a doctor with complaints of shoulder pain on October 6, 1992, plaintiff indicated that he had fallen and that his wife had to "reduce" his shoulder. Plaintiff did not mention any fall at work.
7. The plaintiff was treated for a shoulder injury by Dr. Jerry Barron beginning October 6, 1992. According to Dr. Barron, plaintiff had a acute tear of the rotator cuff. An acute tear of the rotator cuff causes immediate pain, some swelling and some decreased function. Once a rotator cuff is torn, it is very difficult for an individual to perform activities of daily living. Certainly, a person with a rotator cuff tear would be unable to pull a bow to kill a deer. Dr. Barron would have expected plaintiff to have difficulty performing his job after his rotator cuff tear.
8. After September 3, 1992, plaintiff worked without missing time, or without requiring any light duty. He was able to use a bow and kill a deer. He did not begin having trouble until after he fell at home in late September. Based on the testimony of Dr. Barron, plaintiff could not have suffered a rotator cuff tear in his fall of September 3, 1992.
9. Plaintiff contends that his accident at work occurred on September 15, 1992. An affidavit filed by Mildred Russell of defendant-employer indicates that, based on various time records of the employer, it is unlikely that plaintiff was working in the cooler room on September 15, 1992. In any event, after September 15 plaintiff worked at his regular job without missing time or requiring light duty. It was not until his fall at home that plaintiff began having problems, and required medical treatment.
10. Based on the plaintiff's demeanor at the hearing, based on inconsistencies in plaintiff's report to his doctor, and in the various dated given by plaintiff as to when the incident occurred, the undersigned finds that plaintiff's testimony was not credible. Based on plaintiff's lack of credibility, the undersigned finds that plaintiff's accident did not occur on September 15, 1992.
11. Plaintiff injured his shoulder at home when he fell. Therefore, this injury is not a workers' compensation claim.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 3, 1992, plaintiff sustained an accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6). Plaintiff did not injure his shoulder in this accident.
2. As a result of the accident of September 3, 1992, plaintiff lost less than seven (7) days from work; and therefore, plaintiff is not entitled to and temporary total disability compensation, N.C. Gen. Stat. § 97-28.
3. As a result of the accident of September 3, 1992, plaintiff is not entitled to any permanent partial disability compensation. N.C. Gen. Stat. § 97-31.
4. As plaintiff did not require any medical treatment as a result of the accident of September 3, 1992, plaintiff is not entitled to medical treatment. N.C. Gen. Stat. § 97-25.
5. On September 15, 1992, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
6. Since plaintiff suffered an injury at home, his claim is not covered by workers' compensation.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs except that defendants shall pay an expert witness fee as provided by previous Order.
 S/ _________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
S/ _________________ J. HOWARD BUNN CHAIRMAN
S/ _________________ J. RANDOLPH WARD COMMISSIONER
DEB/sls